RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2/18/14

UNITED STATES DISTRICT COURT  b

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| KENNETH BOROUGHS,<br>    Appellant | CIVIL ACTION<br>NO. 2:13-CV-00777 |
| VERSUS | |
| U.S. COMMISSIONER OF SOCIAL<br>SECURITY,<br>    Appellee | JUDGE JAMES T. TRIMBLE<br>MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a pro se appeal filed by Kenneth Boroughs ("Boroughs"), who is appealing the final decision of the Commissioner of Social Security to deny Boroughs' application for supplemental security income ("SSI") benefits. The Commissioner filed a motion to dismiss or for summary judgment, contending Burough's appeal was filed too late.

In accordance with Fed.R.Civ.P. rule 12(b), since the Commissioner's motion is accompanied by documentary evidence that is outside the pleadings, which the court will consider, the motion will be considered as a motion for summary judgment only.

Law and Analysis

Boroughs filed an application for SSI on May 9, 2010, which was denied by an administrative law judge ("ALJ") on December 22, 2011 (Doc. 8, Ex.). Boroughs then requested a review of the ALJ's decision, but the Appeals Council declined to review it. Pursuant

to 20 C.F.R. 404.981, Boroughs had sixty (60) days from the date he received the Appeals Council's notice to file an action in the district court (Doc. 8, Ex.).

Donald V. Ortiz, Acting Chief of the Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability Adjudication and Review of the Social Security Administration, states in an affidavit that the Appeals Council mailed Boroughs a notice that it had declined to review his case on January 9, 2013.

According to the Commissioner, Buroughs had sixty days from January 9, 2013 (the date the notice was mailed) plus five additional days for mailing in which to file an appeal from the Commissioner's final decision in the United States District Court, or until March 15, 2013. Buroughs filed his appeal on April 12, 2013.

The Appeals Council notice explains the sixty-day deadline for seeking judicial review. The sixty-day deadline[1] is set forth in 42 U.S.C. § 405(g), which reads, in pertinent part, as follows:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a

---

[1] The sixty-day deadline established in Section 405(g) is considered to be a statute of limitations rather than a jurisdictional bar. Flores v. Sullivan, 945 F.2d 109, 113 (5th Cir, 1991), citing Mathews v. Eldridge, 424 U.S. 319, 328 n. 9, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

> civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The sixty-day time limit is also set forth in 20 C.F.R. § 404.981, "Effect of Appeals Council's decision or denial of review," which states, "You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action." The five-day mail rule is set forth in 20 C.F.R. § 422.210(c), which states:

> Time for instituting civil action. Any civil action described in paragraph (a) of this section must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual, institution, or agency, except that this time may be extended by the Appeals Council upon a showing of good cause. For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

See also, McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987).

In his motion, the Commissioner relies on the presumption that Buroughs received his notice from the Appeals Council within five days after it was mailed. Since Buroughs did not request an extension of time to appeal, has not submitted anything to rebut the presumption that he received the notice from the Appeals Council within five days of mailing, has not requested or

3

demonstrated grounds for equitable tolling,[2] and has not otherwise opposed the Commissioner's motion for summary judgment, it appears that Burough's appeal to this court is untimely.

Since Buroughs' appeal is untimely, the Commissioner's motion for summary judgment (Doc. 8) should be granted.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that the Commissioner's motion for summary judgment (Doc. 8) be GRANTED and that Burough's appeal be DENIED AND DISMISSED AS UNTIMELY.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[2] See Barrs v. Sullivan, 906 F.2d 120, 122 (5th Cir. 1990).

4

FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 18th day of February 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE